# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO.: 5:06CV26

| | |
|---|---|
| TERRY LYNN PENNELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DANE MASTIN, SHERIFF OF WILKES ) <br> COUNTY, NORTH CAROLINA; ) <br> STEVE CABE; GLENN ANDERSON; AND ) <br> OTHER UNKNOWN EMPLOYEES OF THE ) <br> WILKES COUNTY SHERIFF'S ) <br> DEPARTMENT ) <br> ) <br> Defendants. ) <br> _____ ) | ORDER |

**THIS MATTER** is before the Court on the following Motion and Memoranda: (1) Defendants' Motion for Summary Judgment and Memorandum in Support. [Documents ## 11, 12]; (2) Plaintiff's Response to Defendants' Motion for Summary Judgment [Document # 19]; and (3) Defendants' Reply to Plaintiff's Response [Document # 20]. This matter is now ripe for disposition by the Court.

Having carefully considered the arguments, the record, and the applicable authority, for the reasons stated below, the Court will <u>grant</u> Defendants' Motion for Summary Judgment.

## I. PROCEDURAL HISTORY

This action arises out of Plaintiff's allegations that he suffered damages due to Defendants' conduct while he was incarcerated at the Wilkes County Jail. On January 19, 2006, Plaintiff filed suit in the Superior Court of Wilkes County, seeking damages and punitive

1

damages against Defendants in their individual and official capacities "pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments of the United States Constitution, and under the law, statutory and constitutional, of North Carolina." (Pl. Comp. ¶ 1). Plaintiff raised claims of: (1) Negligent Supervision; (2) Actual/Compensatory Damages; and (3) Punitive Damages. (*Id.* ¶¶ 27-41). On February 13, 2006, Defendants timely removed the action to this Court based on federal-question jurisdiction, pursuant to 28 U.S.C. § 1441.

After filing an Answer and Defenses in this Court, and engaging in discovery with Plaintiff, Defendants filed a Motion for Summary Judgment on November 30, 2006. (Def. Mem. in Sup. of Mt. for Sum. Judg. at 1-2). Plaintiff failed to timely respond to Defendants' Motion for Summary Judgment. On February 8, 2007, the Court ordered Plaintiff to show cause why summary judgment should not be granted in favor of Defendants by March 1, 2007. (Order, Feb. 8, 2007). On March 1, 2007, Plaintiff filed a Response to Defendants' Motion for Summary Judgment as well as an affidavit by Plaintiff. (Pl. Resp. to Def. Mt. for Sum. Judg.). On March 6, 2007, Defendants filed a Reply to Plaintiff's Response. (Def. Rep.).

## II. FACTUAL HISTORY

In January 2003, Plaintiff Terry Lynn Pennell, was transferred to the Wilkes County Jail from a North Carolina Department of Corrections facility to face new criminal charges against him. (Def. Mem. in Sup. of Mt. for Sum. Judg. at 2). After Plaintiff's new criminal charges were disposed of by the Wilkes County Superior Court, Plaintiff continued to be held in the Wilkes County Jail pending return transport to a North Carolina Department of Corrections facility. (*Id.*).

On January 22, 2003, while awaiting transport at the Wilkes County Jail, Plaintiff came

into conflict with one or more of his fellow inmates over a toilet that was purposely flooded in Plaintiff's jail cell. (*Id*. at 3-4; Pl. Resp. to Def. Mt. for Sum. Judg., Aff. of Terry Lynn Pennell ¶¶ 3-8). Plaintiff claims that his fellow inmates flooded the toilet, wanted him to take the blame for the flooding, and threatened to harm him if he refused to take the blame. (Pl. Resp. to Def. Mt. for Sum. Judg., Aff. of Terry Lynn Pennell ¶¶ 4-5). Plaintiff states that he informed two Wilkes County Jail officers who were on duty at the time, and whom Plaintiff identifies as "Chad" and "Chris," that he was being threatened by other inmates. (*Id*. ¶ 6). Plaintiff states that the officers ignored Plaintiff's concerns, and that he was subsequently attacked and severely harmed by his fellow inmates. (*Id*. ¶ 8; Pl. Comp. ¶ 17). Following the attack, Plaintiff contends that the officers refused to transport Plaintiff to the hospital upon Defendant Captain Steve Cabe's instructions. (Pl. Rep., Aff. of Terry Lynn Pennell ¶ 8). Plaintiff alleges that he suffered serious injuries as a result of the attack. (*Id*. ¶¶ 11-12).

In response to Plaintiff's allegations regarding the events on January 22, 2003, Defendants claim that Plaintiff purposely flooded the toilet in his jail cell to express his displeasure for not being quickly transferred to a North Carolina Department of Corrections facility, that Plaintiff had threatened to cause the flooding, and that Plaintiff had caused such flooding the previous night. (Def. Mem. in Sup. of Mt. for Sum. Judg. at 3-4). Defendants claim that soon after the flooding of the jail cell on January 22, jail officials were notified that Plaintiff attempted to start a riot amongst the other inmates, and that as a result, Plaintiff fought with, and was punched by another inmate. (*Id*. at 4). Defendants claim that Plaintiff at no time lodged a complaint or stated that he was fearful of being assaulted. (*Id*.). Defendants further claim that after the fight, Plaintiff did not request medical care, or claim that he was injured or in need of

3

assistance in any way, and that Plaintiff did not fill out a "sick call slip" for medical care, as Plaintiff had done on previous occasions at the jail. (*Id*.). Defendants state that Plaintiff first complained of nausea after the fight on January 25, that Plaintiff refused jail officials' offer to allow Plaintiff to see the physician at Wilkes County Jail, and that Plaintiff stated that he preferred to seek treatment from the physician at his designated Department of Corrections facility. (*Id*. at 4-5).

### III. DISCUSSION

**A. Summary Judgment**

Defendants' now move for summary judgment, arguing, in sum, that Plaintiff has failed to present any admissible evidence to support his claims against any of the Defendants. (Def. Rep. at 2). Plaintiff contends that he has presented evidence to support his claims, alleging that officers at the Wilkes County Jail deliberately ignored his pleas for help when Plaintiff was in imminent danger of harm from other inmates, that Plaintiff received serious injuries from other inmates as a result, and that jail officials refused to permit Plaintiff to be treated for his injuries. (Pl. Resp. to Def's Mt. for Sum Judg. at 1).

**1.** **Standard of Review**

Rule 56(c) of the Federal Rules of Civil Procedure permits the entry of summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). A genuine issue exists only if "the evidence is such that a reasonable jury could return a verdict for the non-

4

moving party." *Anderson*, 477 U.S. at 248.  But the party opposing summary judgment may not rest upon mere allegations or denials, and a "mere scintilla of evidence" is insufficient to overcome summary judgment.  *Id.* at 249-50.  Moreover, when the movant supports its motion for summary judgment by affidavits, the adverse party may not rest upon the mere allegations or denials of their pleading, but the adverse party's response must be supported by affidavits or as otherwise provided by Rule 56 and must set forth specific facts showing that there is a genuine issue for trial.  FED. R. CIV. P. 56(e).

Courts, in considering motions for summary judgment, view the facts and inferences in the light most favorable to the party opposing the motion.  *Anderson*, 477 U.S. at 255; *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990); *Cole v. Cole*, 633 F.2d 1083 (4th Cir. 1980).  Summary judgment is thus proper where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations omitted).

### 2. Plaintiff's Claim pursuant to 42 U.S.C. § 1983

Plaintiff asserts his claim "pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments of the United States Constitution, and under the law, statutory and constitutional of North Carolina." (Pl. Comp. ¶ 1).  However, as Defendants note, and Plaintiff does not dispute, the alleged events giving rise to Plaintiff's claim occurred while Plaintiff was a prisoner awaiting post-trial transfer to a North Carolina Department of Corrections Facility.  (Def. Mem. in Sup. of Mt. for Sum. Judg. at 2; Pl. Resp. to Def. Mt. for Sum. Judg., Aff. of Terry Lynn Pennell ¶ 2).  Therefore, Plaintiff's claim that Wilkes County Jail officials deliberately ignored his complaints that other inmates threatened to harm him, and that jail officials refused to treat him for the harm

5

that resulted properly arises under the Cruel and Unusual Punishments Clause of the Eighth Amendment of the United States Constitution. *Winfield v. Bass*, 106 F.3d 525, 530 (4th Circ. 1997) (construing Plaintiff prisoner's claim as arising under the "broad constitutional right" conferred by the Cruel and Unusual Punishments Clause of the Eighth Amendment where Plaintiff claimed prison officials were deliberately indifferent to the serious risk of harm that another inmate posed to Plaintiff); *see also Hill v. Nicodemus*, 979 F.2d 987, 990-91 (4th Circ. 1992) (distinguishing between Fourteenth Amendment rights of pre-trial detainees alleging want of care by jail officials and Eighth Amendment rights of post-conviction prisoners).

The Supreme Court has clearly established two requirements that a prisoner must meet in order to prove an Eighth Amendment claim that jail or prison officials failed to prevent harm to him. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977 (1994); *Price v. Sasser*, 65 F.3d 342, 345 (4th Circ. 1995). First, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 551 U.S. at 834, 114 S.Ct. at 1977 (citations omitted). Second, an inmate must show that a jail or prison official has "a 'sufficiently culpable state of mind.' In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." *Id*. at 834, 114 S.Ct. at 1977 (citations omitted).

The Supreme Court defined "deliberate indifference" as: "something more than mere negligence," but "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id*. at 835, 114 S.Ct. at 1978. The Supreme Court further explained that, "an Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id*. at 842, 114

S.Ct. at 1981. Additionally, a prison or jail official cannot "escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Id*. at 843, 114 S.Ct. at 1982.

Looking at the evidence in the light most favorable to the Plaintiff, the Plaintiff's allegations that other inmates "threatened [him] with physical violence," (Pl. Resp. to Def. Mt. for Sum. Judg., Aff. of Terry Lynn Pennell ¶ 5), is sufficient to meet the first requirement under the Eighth Amendment that "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 551 U.S. at 834, 114 S.Ct. at 1977. The fact that Plaintiff was actually harmed by other inmates in the context of a commode flushing incident shows that Plaintiff's conditions of incarceration left him susceptible to such harm. However, in order to meet the second requirement, and survive summary judgment, the Plaintiff must present evidence that at least one Defendant demonstrated deliberate indifference to the alleged threats or injuries to Plaintiff. *Id*. at 834, 114 S.Ct. at 1977. Plaintiff has failed to meet this second requirement.

The only evidence that Plaintiff has presented to support his claim is his own sworn affidavit. (Pl. Resp. to Def. Mt. for Sum. Judg., Aff. of Terry Lynn Pennell). In his affidavit, Plaintiff claims to have had direct contact with only two Wilkes County Jail officials, whom he identifies only as "Chad" and "Chris." (*Id*. ¶¶ 6, 8). Plaintiff alleges that these two officials were the officials on duty at the Wilkes County Jail when the events giving rise to his complaint occurred. (*Id*.). Furthermore, Plaintiff alleges that Chad and Chris were the two officials who ignored his pleas for preventive help and refused to treat him for the injuries he sustained from

7

other inmates. (*Id.*)

None of the Defendants are named Chad or Chris, nor are any of the named Defendants alleged to have been known by those names. Although Plaintiff plead his complaint against "Other Unknown Employees of the Wilkes County Sheriff's Department," discovery has closed in this case and Plaintiff has not presented any evidence to further identify the alleged "unknown employees" other than his claims that two jail officials were known by the names Chad and Chris. Additionally, Plaintiff has failed to present any evidence to verify his claims that the two alleged employees, or either of them, were known by the names Chad or Chris, respectively. Plaintiff is represented by counsel, who presumably could have facilitated a proper identification of real Wilkes County Sheriff's Department employees as defendants by Plaintiff. Moreover, Plaintiff has not shown circumstances preventing him from making such proper identification, given a reasonable effort on his part to do so. Therefore, Plaintiff's claims against Wilkes County Jail officials allegedly named Chad and Chris, and who are otherwise unknown, do not meet his burden of proof of coming forward with sufficient evidence to defeat summary judgment. *See HMK Corp. v. Walsey*, 637 F.Supp. 710, 714 n. 4 (E.D.Va. 1986) (noting that "John Doe" suits are permissible against "'real, but unidentified defendants,'" but dismissing claims against John Doe defendants in that case where plaintiff had "more than adequate time to discover the identities" of the unknown parties, but failed to do so) (citation omitted); *Waller v. Butkovich*, 584 F.Supp. 909, 919, n. 1 (M.D.N.C. 1984) (dismissing claims against "John Doe" defendants where Plaintiff failed to timely discover and serve process on such defendants).

Plaintiff does offer three statements in his affidavit that mention two named Defendants. In paragraphs eight and nine of his affidavit, Plaintiff alleges indirect communication with

Defendant Steve Cabe:

> The inmates Hawkins, Ellis and Perry did assault me and inflict serious injuries upon me. I was bleeding and later began vomiting in a single cell inmate Johnson and myself had requested assistance but was refused by (Chad and Chris) they indicated that jail administrator Steve Cabe refused to allow them to take me to the hospital [sic: run-on sentences].

(*Id*. ¶ 8).

> Inmate Johnson telephoned my mother who contacted the officials believed to be now Captain Steve Cabe and was told that I had just gotten into a scuffle and was ok.

(*Id*. ¶ 9).

Both of Plaintiff's statements implicate Defendant Cabe only through the hearsay statements of alleged Defendants Chad and Chris, or "Inmate Johnson" and Plaintiff's mother. With regard to affidavits offered in opposition to a summary judgment motion, the Fourth Circuit has stated:

> Generally, an affidavit filed in opposition to a motion for summary judgment must present evidence in substantially the same form as if the affiant were testifying in court. Federal Rule of Procedure 56(e) specifically requires that affidavits submitted on summary judgment contain admissible evidence and be based on personal knowledge. Thus, summary judgment affidavits cannot be conclusory, or based upon hearsay.

*Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 962 (4th Circ. 1996) (citations omitted).

Plaintiff has not offered affidavits or deposition testimony of alleged Defendants Chad and Chris, Inmate Johnson, or Plaintiff's mother. The only indication that Defendant Cabe was connected to the events giving rise to Plaintiff's complaint is Plaintiff's alleged conversations with others who identified Defendant Cabe. Thus, the statements Plaintiff offers are not sufficient to support Plaintiff's claim against Defendant Cabe and cannot be used by Plaintiff to defeat Defendants' motion for summary judgment.

Plaintiff also offers a statement in paragraph 13 of his affidavit that implicates Defendant Glenn Anderson as well as Defendant Cabe:

> The officials at Wilkes County Jail including Lt. Glenn Anderson and now Captain Steve Cabe ignored my pleas for help and other inmates and my mother's pleas for help.

(Id. ¶ 13).

Glenn Anderson is a named Defendant, but Plaintiff's affidavit does not show how Anderson could have come to know of Plaintiff's "pleas for help." The source of this conclusory assertion about Anderson and Cabe is not disclosed, but in any event it does not appear to be based on the affiant's personal knowledge. This statement is advanced without any supporting evidence, and is no more admissible than either of Plaintiff's alleged hearsay statements implicating Defendant Cabe. *Evans*, 80 F.3d at 962. Plaintiff makes no further mention of any named Defendant in his affidavit.

In sum, Plaintiff has presented no admissible evidence to demonstrate that any of the Defendants showed deliberate indifference to the alleged threats or injuries to Plaintiff. Therefore, Defendants' Motion for Summary Judgment must be granted.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendants' Motion for Summary Judgment is hereby **GRANTED**.

Signed: May 8, 2007

Richard L. Voorhees
United States District Judge